162 So. 639

ROSS v. BOARD OF LEVEE COM'RS OF NINETEENTH LOUISIANA LEVEE DIST.

No. 33236.

June 19, 1935.

Harry Fuller, of Winnfield, and Vinson M. Mouser, of Columbia, for appellant.

Stephens & Gahagan, of Natchitoches, for appellee.

BRUNOT, Justice.

This case was before this court in 1934. There is an accurate statement of the case in the opinion we handed down at that time, which is reported in 180 La. 227, 156 So. 230. In that opinion all of the issues presented to the court were decided except one, viz.: Whether or not the plaintiff was entitled to recover the assessed value of 140.1 acres of land that was left between the levee and the river by the removal of the levee some distance back of its original location. With respect to that issue, the case was remanded to the lower court for the purpose of enabling the board of levee commissioners to introduce proof that the "land between the levee and the river was not 'destroyed' or rendered worthless by the building of the levee behind it."

This issue was tried in the lower court and the same judgment was rendered thereon as was rendered on the original trial. It is from this judgment that the defendant has appealed.

By agreement of counsel, the testimony taken on the former trial of the case is made a part of this record. There is, therefore, considerable testimony in the record, expert and otherwise. We find, however, that so far from the land outside the levee having been destroyed by the removal of the levee, excellent crops of cotton and corn were grown upon a considerable part of that land during the year 1934, and the balance of the land was profitably used as pasture for cattle and work animals. This is a far cry from destruction for levee purposes within the meaning of the constitutional provision. It is true that in years of abnormal flood stages of Red river the land is inundated, and sometimes the recession of the water leaves an injurious silt or sand deposit on a part of the land, but it is shown that a recurring flood stage of the river washes the soil and, by silt deposit, restores the fertility of the land.

These are facts of such common knowledge in this state that, even without direct proof of them, the court is justified in taking judicial notice of the fact.

Our review of the evidence leaves no doubt in our minds that no part of the 140.1 acres of land, for which the plaintiff is seeking to recover from the defendant the assessed value thereof, is land which was destroyed for levee purposes, within the intendment of the Constitution and laws of this state.

For these reasons, the judgment appealed from is avoided and reversed, in so far as the 140.1 acres of land lying outside the levee is concerned, but in all other respects it is affirmed. The costs of the appeal to be paid by the appellee.